IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Evans Lee Jones, #83852-079, | ) | |
| | ) | Civil Action No. 3:06-2597-CMC-JRM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| M. Pettiford, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Evans Lee Jones ("Jones"), is an inmate at FCI-Bennettsville. He filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 19, 2006. Respondent filed

a motion for summary judgment on November 21, 2006, supported by a copy of Jones' Judgement

In a Criminal Case ("J&C") in U.S. v. Jones, 99CR00404-001 from the Southern District of Texas,

his BOP Sentence Monitoring Computation Data, and the affidavit of Robin B. Barnes ("Barnes").

Because Jones is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

was issued on November 28, 2006. Jones filed a response on December 5, 2006.

The present petition involves the interplay of state and federal sentencing. Jones states his

claim as follows:

> While serving a State probation sentence, Petitioner was arrested on
> federal bank robbery charges on June 18th, 1999. Petitioner was sentenced
> to the federal bank robbery charge on January 27th, 2000. From the date of
> arrest until the date of sentencing, Petitioner was in the sole custody of the
> federal government on the bank robbery charge, and should be given credit
> for that time towards his federal sentence. After Petitioner was sentenced on
> the federal charge, the State revoked Petitioner's State probation because
> Petitioner was convicted and sentenced for a federal crime. The probation
> revocation did not occur until after Petitioner was sentenced on the federal
> case so the time from date of arrest until the federal sentence was imposed
> should be credited towards the instant federal sentence. Additionally, once
> the federal sentence was imposed, the federal sentenced [sic] should have

> begun to run without interrution [sic]. Petitioner should receive jail credit for that time as well.

Jones seeks credit against his federal sentence from the date of his arrest (June 18, 1999) until the date of his sentencing (January 27, 2000) and a "nunc pro tunc" designation of the period he spent in state custody after his federal sentence was imposed.

Barnes is the Operations Manager at BOP's Designations and Sentencing Computation Center. In this capacity, Barnes reviewed the computation of Jones' sentence. Barnes' affidavit states (¶¶ 4-13):

4.  On June 18, 1999, Mr. Jones was arrested by Houston, Texas law enforcement authorities for the offense of Robbery by Use of Threats. Following this arrest, Mr. Jones remained in the continuous primary custody of the state of Texas.

5.  On June 22, 1999, a criminal complaint was filed in the United States District Court for the Southern District of Texas charging Mr. Jones with Bank Robbery.

6.  On June 24, 1999, while in custody of Texas law enforcement authorities, the Texas Department of Corrections placed a parole violation warrant on Mr. Jones. When Mr. Jones committed the offense of Robbery on June 18, 1999, he was on parole from convictions he received in the state of Texas on September 7, 1990, and April 8, 1994. On those dates, Mr. Jones had been sentenced to 20 years imprisonment for the offense of Burglary of a Motor Vehicle with Intent to Commit Theft.

7.  On August 19, 1999, the state of Texas dismissed their charge of Robbery by Use of Threats (arrest on June 18, 1999) in lieu of the federal prosecution. However, Mr. Jones remained in stte of Texas primary custody due to the parole violation warrant.

8.  On January 27, 2000, the United States Marshals had borrowed Mr. Jones from the Texas Department of Corrections via a writ of habeas corpus ad prosequendum and he was sentenced in the United States District Court for the Southern District of Texas to 125 months imprisonment for the offenses of Bank Robbery by Intimidation and Felon in Possession of a Firearm.

9.      On February 9, 2000, the United States Marshals returned Mr. Jones to the Texas Department of Corrections to serve his state parole violation sentence. On April 29, 2005, Mr. Jones was paroled from the Texas Department of Corrections into federal custody to begin serving his 125 month federal sentence.

10.     Upon Mr. Jones' arrival to a BOP facility the DSCC computed his federal sentence. His federal sentence has been computed to reflect that it commenced on April 29, 2005 (the day he was paroled into federal custody), he received prior custody credit for the time period of June 18, 1999, through July 1, 1999 (14 days), he is eligible to earn 490 day Good Conduct Time, and his projected release date is May 12, 2014.

11.     Mr. Jones' federal sentence has been computed as commencing on April 29, 2005, which is the day he was released from his state parole sentence into federal custody.  During the entire period of June 18, 1999, through April 29, 2005. Mr. Jones was in the sole primary custody of the state of Texas. At no time during this time period did the state of Texas relinquish primary custody of Mr. Jones. When Mr. Jones appeared in federal court for the federal charges brought against him he had been borrowed from the Texas Department of Correction by the United Sates Marshals via a writ of habeas corpus ad prosequendum.

12.     The federal court did not indicate at the time it had sentenced Mr. Jones how the federal sentence was to run with the state parole violation. When confronted with this situation, one of the guidelines the SOP looks at is 18 U.S.C. § 3584(a) which states, in part, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Based upon this statute, Mr. Jones' federal sentence was properly computed to run consecutively to his state parole violation sentence. Also, according to 18 U.S.C. § 3585(a), a federal sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.  Mr. Jones did not meet the criteria of § 3585(a) until April29, 2005, when he was released from his state parole violation sentence. Thus, Mr. Jones' federal sentence properly commenced consecutively to his state parole violation sentence, and on the date he was received into federal custody awaiting transportation to the official detention facility where the sentence would be served.

13.     Mr. Jones has received prior custody credit toward his federal sentence for the time period of June 18, 1999, through July 1, 1999(14 days). The Texas Department of Corrections indicated that it had commenced Mr. Jones' state

parole violation on July 2, 1999. Thus, the time period from July 2, 1999, through April 29, 2005, was time credited to Mr. Jones by the state of Texas toward actual service of the state parole violation sentence. Because the state of Texas had dismissed it charge of Robbery by Use of Threats in lieu of the federal prosecution, the state of Texas did not credit Mr. Jones with the time period of June 18, 1999, through July1, 1999. Thus, pursuant to 18 U.S.C. § 3585(b), Mr. Jones was given credit for this period of time toward his federal sentence. The only period of time Mr. Jones was in federal custody subsequent to July 2, 1999, was when he had been borrowed from the Texas Department of Corrections by the United States Marshals via a writ of habeas corpus ad prosequendum. The BOP does not award time spent in federal custody via a writ of habeas corpus as prior custody credit because, it has been consistently held that a prisoner borrowed from state custody via a writ of habeas corpus does not cause the state to relinquish custody, nor does it transform a state prisoner into a federal prisoner. Thus, Mr. Jones has received all the prior custody credit he is lawfully entitled to.

The undersigned concludes that BOP's computation of Jones' sentence as recited by Barnes is correct under the applicable statute.  Jones has submitted no evidence to contradict Barnes' affidavit.  He merely interprets the facts to support his arguments.  For instance, he states that he was "arrested on federal bank robbery charges on June 18, 1999.  Actually. he was arrested on state charges which were later dismissed in lieu of federal prosecution.  Calculation of a term of federal imprisonment is controlled by 18 U.S.C. § 3585:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

4

The record shows that Jones first appeared in federal court on a writ of habeas corpus ad prosequendum on January 27, 2000. He was in state custody at that time and was returned to state custody after his plea of guilty. He appeared again on a writ for sentencing and returned to state custody. Jones remained in state custody until he competed his sentence for a parole violation. Thus, 18 U.S.C. 3585(b) offers Jones no relief because he was receiving credit against his state sentence during this period.

BOP also accurately found that Jones began his federal sentence on April 29, 2005 after he completed his state sentence. Contrary to statute, Jones insists that his federal sentence commenced on January 27, 2000, the date he was sentenced. (Roseboro response, p. 3). He cites Weeks v. Fleming, 301 F.3d 1175 (10th Cir. 2002) and Brown v. Yates, 154 Fed.App. 319, 2005 WL 3086548 (3d. Cir. 2005)(unpublished) as support for his argument. Jones misreads these cases. In Weeks, the petitioner began serving his federal sentence, but was released to state custody, then returned to federal custody. The court found that the United States and the State agreed to a permanent change to federal custody under the facts of the case. In Brown, the court found that petitioner had completed his state sentence at the time of federal sentencing so his "federal sentence commenced when it was imposed." 154 Fed.App. at 321. These cases are inapposite.

Jones also argues that he is entitled to nunc pro tunc credit for state time served because the federal court intended the federal sentence to run concurrent with his state sentence. Nothing in the record suggests this intent. The J&C is silent on the issue. "There is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence." Weeks v. Fleming, 301 F.3d at 1179. There is no evidence in the record to overcome this presumption.

## <u>Conclusion</u>

Based on a review of the record, it is recommended that respondent's motion for summary

judgment be granted, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

July 17, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).